**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN RAY CHEEK, #42969-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-4273-D-BK** |
| | § | **(3:11-CR-0157-D-01)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2241, challenging his sentence. *See Cheek v. Tamez*, 4:12-CV-0540-A (N.D. Tex., Fort

Worth Div. Aug. 2, 2012). Construing the petition as a motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255, District Judge John McBryde transferred the petition to Chief

Judge Sidney Fitzwater in the Dallas Division. *Id.* at Doc. 11. For the reasons that follow, it is

recommended that the section 2255 motion be summarily dismissed without prejudice.

**I. ANALYSIS**

In January 2012, following his guilty pleas to bank robbery and using, carrying, and

brandishing a firearm during or in relation to a crime of violence, Petitioner was sentenced to

consecutive 57- and 84-month terms of imprisonment and a 3-year term of supervised release.

*United States v. Cheek*, 3:11-CR-0157-D-01 (N.D. Tex., Dallas Div., Jan. 23, 2012). Petitioner's

direct appeal is pending before the United States Court of Appeals for the Fifth Circuit. *See*

*Cheek v. United States*, No. 12-10113 (5th Cir.).

A district court does not entertain a section 2255 motion during the pendency of a direct

appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United*

*States*, 404 F.2d 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988).  Therefore, Petitioner's request for section 2255 relief should be dismissed without prejudice.

## II.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus, construed as a section 2255 motion, be **DISMISSED** without prejudice to Petitioner reasserting it after the United States Court of Appeals for the Fifth Circuit has ruled on his direct criminal appeal.[1]

SIGNED October 24, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent section 2255 motion that Petitioner files in this Court.  28 U.S.C. § 2255(f)(1)-(4).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE